ORIGINAL

# In the United States Court of Federal Claims

No. 16-363C
(Filed: July 8, 2016)

**FILED**

JUL - 8 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * *

VIVIAN E. RICKS,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * *

## ORDER

### BACKGROUND

Plaintiff, Vivian E. Ricks, who is pro se, filed her complaint on March 21, 2016, challenging her 1992 voluntary military discharge, a 2001 decision denying her application to correct her military records and return her to active duty, and a denial of her request to reconsider the 2001 decision regarding the application to correct her military record. Pending is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff did not respond to the motion.

Plaintiff served on active duty in the United States Air Force from February 18, 1981 until August 15, 1992, when she was voluntarily released from duty. As part of her voluntary release, she received a special separation benefit of $29,388.56. In 2001, plaintiff filed an application with the Air Force Board for Correction of Military Records ("AFBCMR" or "the Board") for correction of her military record, contending that "[t]he ratings she received on several [of her Enlisted Performance Reports ("EPRs")] were not an accurate assessment of her performance and accomplishments." Compl. at 8. Plaintiff also alleged that her record contained a "referral" EPR which is an EPR that contains a serious "does not meet" assessment in one of the

evaluation standards. The Air Force denied the application, finding that plaintiff presented insufficient relevant evidence of error or injustice and that there was no evidence of a referral EPR in plaintiff's record.

Plaintiff made subsequent requests to reconsider the denial of her application for correction of her record on July 10, 2002, September 8, 2003, March 22, 2004, September 9, 2004, May 26, 2006, November 26, 2006, and March 12, 2012. These requests were denied by the AFBCMR because plaintiff had not provided new relevant evidence. In 2013, she submitted another application for correction of her military record. The Air Force initially returned the application because the request was unclear. However, upon talking with plaintiff, Air Force personnel determined that her application was simply a request to reconsider her previous AFBCMR case. The request was subsequently denied because plaintiff did not provide any new information or evidence. She filed an additional request for reconsideration of her application on January 14, 2014. This request was also denied on the basis that plaintiff had not provided any new relevant evidence. The letter denying her request provided that "absent judicial action, the Air Force considers your AFBCMR decision final" but that "pursuant to 5 U.S.C. § 701, et seq. and 28 U.S.C. § 1491, Congress authorizes applicants to pursue final AFBCMR decisions through the U.S. Court of Claims." Compl. at 5.

Plaintiff's complaint, filed March 21, 2016, provides that she is "requesting adjustment of the performance report to a higher performance assessment and rating that . . . would readvise my active duty separation." Compl. at 2. Thus, we read her complaint as challenging her 1992 voluntary discharge, the Board's 2001 decision to deny her application to correct her military record and return her to active duty, and the Board's 2014 denial of her request to reconsider the 2001 application.

## DISCUSSION

In its motion, defendant argues that plaintiff's claims regarding her 1992 discharge and 2001 decision not to return her to active duty were not filed within the six-year statute of limitation provided by the Tucker Act. 28 U.S.C. § 2501 (2012). Defendant further argues that even if plaintiff's claims had been brought within the appropriate time period, there is no money-mandating basis for any of her claims.

We agree that plaintiff's claims regarding her 1992 discharge and 2001

We agree that plaintiff's claims regarding her 1992 discharge and 2001 decision not to return her to active duty are time-barred. Claims over which this court has jurisdiction are barred if filed more than six years after accrual of the claim. *Id.* A claim begins to accrue when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [] for his money." *Nager Elec. Co., Inc. v. United States*, 368 F.2d 847, 851 (1966). For a claim challenging a military discharge, the cause of action accrues at the time of discharge. *Levy v. United States*, 83 Fed.Cl. 67, 74 (2008). Thus, plaintiff's claim challenging her 1992 voluntary discharge began to accrue in 1992 and, as a result, is untimely.[1] Likewise, her claim challenging the Air Force's 2001 decision not to return her to active duty began to accrue at the time of the decision, and is also time-barred. *See id.*

To the extent that plaintiff separately challenges the AFBCMR's 2014 decision not to reconsider its earlier denial of her application, the claim fails because it is not a claim for money owed to plaintiff. *See Murphy v. United States*, 993 F.2d 871, 837 (Fed. Cir. 1993) ("[T]he Claims Court's authority to grant equitable relief such as the correction of military records is premised on the award of monetary relief."). The only monetary relief upon which this claim is premised relates to plaintiff's challenge of her 1992 voluntary discharge, which, as we stated above, is time-barred. We are therefore without jurisdiction over plaintiff's challenge of the Board's 2014 decision not to reconsider its earlier denial of her application.

---

[1] Even if this claim were timely, it is not a claim cognizable in this court. Claims made pursuant to the Constitution, federal law, or regulations must be founded upon a money-mandating provision in order for this court to exercise jurisdiction. *See Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 605 (1967). The applicable money-mandating provision for plaintiff's challenge of her 1992 voluntary discharge is the Military Pay Act, 37 U.S.C. § 204. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). In order to fit within the scope of the money-mandating status of § 204, however, a plaintiff must assert and establish that her separation was involuntary. *Metz v. United States*, 446 F.3d 991, 998 (2006). Otherwise, the complaint fails to state a claim upon which relief can be granted. *Id.* Here, plaintiff has not asserted that her separation was involuntary.

## CONCLUSION

For the reasons stated above, we grant defendant's motion to dismiss. The clerk is directed to dismiss the complaint. No costs.

ERIC G. BRUGGINK
Senior Judge